IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SOUTH EAST CARRIERS, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 5:05-CV-145 (WDO) |
| vs. ) | |
| ) | REQUEST FOR JURY TRIAL |
| R.V. RYAN, JR. d/b/a TA TRAVEL ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT

COMES NOW, R.V. Ryan, Jr. d/b/a TA Travel Center, an improperly named Defendant, and files this its Answer and Additional Defenses to Plaintiff's Complaint by corresponding number as follows:

### FIRST DEFENSE

The named Defendant shows that it is an improper party and that the correct party should be Atlanta South 75, Inc. and not R.V. Ryan, Jr. d/b/a Travel Center.

### SECOND DEFENSE

This Defendant did not breach any duty it owed to Plaintiff and as a result, Plaintiff is not entitled to recover any damages from this Defendant.

### THIRD DEFENSE

The sole, direct, and proximate cause of any damage sustained by the Plaintiff was due to the Plaintiff's driver's negligence in failing to properly lock and secure the trailer and its contents. Therefore, Plaintiff is not entitled to recover any damages from this Defendant.

### FOURTH DEFENSE

At no time did Defendant agree to act as a bailee for the trailer in question.

## FIFTH DEFENSE

The sole, direct and proximate cause of any injury or damage which the Plaintiff may have sustained was due to the negligence of some person, persons or entity other than this Defendant and therefore the Plaintiff is not entitled to recover anything from this Defendant.

## SIXTH DEFENSE

At all times concerning the occurrence giving rise to this action, the Plaintiff was not in the exercise of ordinary care for its own safety, and therefore the Plaintiff is not entitled to recover anything from this Defendant.

## SEVENTH DEFENSE

If this Defendant was negligent, and this Defendant expressly denies that it was negligent in any respect whatsoever, nevertheless, the Plaintiff in the exercise of ordinary care for its own safety could and should have avoided the consequences of any such alleged negligence on the part of this Defendant, and therefore the Plaintiff is not entitled to recover anything from this Defendant.

## EIGHTH DEFENSE

At no time did Defendant enter into a bailment contract with Plaintiff as it relates to the subject trailer and/or its contents. Plaintiff's Complaint should be dismissed as no bailment of the trailer can be shown as a matter of law.

## NINTH DEFENSE

To the extent that Plaintiff sustained a loss, Defendant shows that such loss was a result of either the sole negligence of the Plaintiff and its' driver or the intervening criminal acts of some unknown third party.

## TENTH DEFENSE

The Plaintiff's Complaint against this Defendant fails to state a claim upon which relief can be granted and should be dismissed.

## ELEVENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, Defendant answers as follows:

1.

Defendant admits the allegations contained in Paragraph one of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph two of Plaintiff's Compaint.

2. (sic)

On information and belief, Defendant admits the allegations contained in Paragraph two (sic).

3.

On information and belief, Defendant admits the allegations in contained in Paragraph three.

4.

Defendant denies the allegations contained in Paragraph four of Plaintiff's Complaint. Defendant further shows that the proper party to this action should be Atlanta South 75, Inc.

5.

At all times relevant to this lawsuit, Atlanta South 75, Inc. and not Robert Ryan as an individual operated a truck stop, gas station, service station, restaurant, and convenience store known as the TA Travel Center located at 122 Truck Stop Way in Jackson, Georgia. Except as herein set forth, all other allegations of Paragraph five are denied.

6.

On information and belief, Defendant admits the allegations contained in Paragraph six.

7.

This Defendant has no knowledge of whether or not the trailer in question was "sealed," or whether it contained Famous Footwear brand athletic shoes that had been picked up in Lebanon,

Tennessee. This Defendant further has no personal knowledge of the destination of the trailer. Except as herein set forth, all other allegations of Paragraph seven are denied.

8.

This Defendant has no knowledge of whether the subject trailer was sealed or trailer number 53726 or tag number 5537217. Further Defendant has no knowledge as to whether or not the trailer actually contained 944 packages of shoes and has no personal knowledge as to the estimated value of the alleged cargo. Except as herein set forth, all other allegations of Paragraph eight are denied.

9.

This Defendant has no knowledge of whether or not the trailer actually contained cargo from Famous Footwear, but on information and belief, admits that the tractor hauling the alleged trailer experienced mechanical problems and broke down on I-75 outside of Jackson, Georgia. This Defendant has no knowledge as to whether or not the driver of the South East Carriers' tractor trailer notified its' corporate office or not. Except as herein set forth, all other allegations of Paragraph nine are denied.

10.

Defendant admits that on January 10, 2004, the tractor and trailer were towed to Defendant's TA Travel Center in Jackson, Georgia for service and repair of the tractor. Defendant has no knowledge as to whether or not any cargo was in the trailer. Except as herein set forth, all other allegations of Paragraph ten are denied.

11.

On information and belief, the tractor trailer was towed to the repair center, the driver of the South East Carrier's tractor unhooked the trailer at a drop pad located behind the repair center. All other aspects of Paragraph eleven are denied.

12.

Defendant admits the allegations contained in Paragraph twelve.

13.

On information and belief, Defendant believes that one of its employees may have carried the South East Carrier's driver to a nearby hotel, whether the driver remained there until Monday is unknown to this Defendant. Except as herein set forth, all other allegations of Paragraph thirteen are denied.

14.

Defendant admits the allegations contained in Paragraph fourteen.

15.

On information and belief, Defendant admits the allegations contained in Paragraph fifteen.

16.

On information and belief, the premises were searched and the trailer and its alleged contents were not discovered. Except as herein set forth, all other allegations of Paragraph sixteen are denied.

17.

This Defendant was later advised that the trailer had been stolen and was located on the side of the road. Defendant was also advised that there was no cargo in the trailer. Except as herein set forth, all other allegations of Paragraph seventeen are denied.

18.

Defendant can neither admit nor deny the allegations contained in Paragraph eighteen as this Defendant never saw the contents of the trailer, was never placed on notice prior to the trailer being left on its property that there was content in the trailer, or its alleged value.

19.

In response to the allegations contained in Paragraph nineteen of Count one of Plaintiff's Complaint, Defendant reasserts and incorporates by reference its answer to Paragraphs one through eighteen of Count one of Plaintiff's Complaint, the same as if said answers were set forth verbatim

herein.

20.

This Defendant did not breach any duty that it owed to South East Carriers as it related to the tractor or as it related to the trailer. Except as herein set forth, all other allegations of Paragraph twenty are denied.

21.

Defendant denies the allegations contained in Paragraph twenty-one and each of its respective subparts of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph twenty-two of Plaintiff's Complaint.

23.

In response to the allegations contained in Paragraph twenty-three of Count two of Plaintiff's Complaint, Defendant reasserts and incorporates by reference its answers to Paragraphs one through twenty-two of Count one of Plaintiff's Complaint, the same as if said answers were set forth verbatim herein.

24.

On information and belief, this Defendant has no knowledge whatsoever of the content of the trailer that Plaintiff elected to place on Defendant's property while Defendant was undertaking the repair of the Plaintiff's tractor. Further, Plaintiff never placed Defendant on notice of the content of the trailer, nor did it advise that the trailer was being left unsecured. Except as herein set forth, all other allegations of Paragraph twenty-four are denied.

25.

Defendant denies the allegations contained in Paragraph twenty-five and further shows that this Defendant did not take possession or agree to act as bailee for the trailer in question. All other

allegations contained in Paragraph twenty-five are denied.

26.

Defendant denies the allegations contained in Paragraph twenty-six of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph twenty-seven to the extent that same applies solely to the trailer. No bailment was created as it relates to the trailer. The tractor was returned after repairs had been made. Except as herein set forth, all other allegations of Paragraph twenty-seven are denied.

28.

Defendant denies allegations contained in Paragraph twenty-eight of Plaintiff's Complaint.

29.

All other allegations contained in the Plaintiff's Complaint not heretofore or otherwise specifically responded to are hereby denied by this Defendant.

30.

In further answer to the Plaintiff's Complaint, this Defendant states that it is not liable to the Plaintiff in the amount sued for or any other sum whatsoever.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that this Court render judgment in favor of Defendant with all costs of Court cast upon the Plaintiff.

Respectfully submitted this 6th day of July, 2005.

F. SCOTT YOUNG
Georgia Bar No. 781913
Attorney for Defendant

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Drive
Building A, Suite 100
Atlanta, GA 30328
(404) 252-2230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the foregoing *Answer and Additional Defenses of Defendant* upon all parties, by placing a true and correct copy of same in the United States Mail, with adequate postage thereon, addressed as follows:

> Elizabeth J. Herre, Esq.
> Cozen O'Connor
> SunTrust Plaza, Suite 2200
> 303 Peachtree Street, N.E.
> Atlanta, GA 30308

This 6th day of July, 2005.

_____
F. SCOTT YOUNG
Georgia Bar No. 781913
Attorney for Defendant

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Drive
Building A, Suite 100
Atlanta, GA 30328
(404) 252-2230